UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD A. YOUNG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JARED LOZANO,<br><br>　　　　　Respondent. | No.  2: 20-cv-0350 TLN KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Introduction

　　　　Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  For the reasons stated herein, the undersigned recommends that this action be dismissed.  See Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition…")

　　　　Petitioner was convicted after a jury trial of 14 counts of:  second degree burglary (Cal. Penal Code §§ 459/460(b)); 14 counts of grand theft (Cal. Penal Code §§ 484/487(a)); and one count of selling stolen property (Cal. Penal Code § 496(a)).  Young v. Lozano, 2020 WL 4339372, at *1 (E.D. Cal. July 28, 2020).  The jury also found as to three counts of grand theft that the loss exceeded $50,000, and as to another count of grand theft that the loss exceeded $150,000 (Cal. Pen. Code § 12022.6(a)(10 & (2)).  Id.  In addition, the jury found that petitioner

1

had a prior serious felony conviction for kidnapping that qualified as a strike.  (Cal. Pen. Code § 1170.12.)  Id.  After denying petitioner's Romero[1] motion, the trial court sentenced petitioner to state prison for a term of 30 years and eight months.  Id.

In the instant action, petitioner does not challenge the validity of his convictions.  Instead, petitioner challenges the September 13, 2019 decision by the Board of Parole Hearings ("BPH") finding him ineligible for early parole pursuant to Proposition 57 (California Constitution, Section 32, article 1).  (See ECF No. 1 at 19.)

The petition raises six claims.  First, petitioner alleges that he was denied his due process right to be present and participate at the hearing.  (Id. at 5.)  Second, petitioner allege that the BPH denied him access to confidential materials used to deny him parole.  (Id.)  Third, petitioner alleges that the hearing was conducted without the required minimum of two commissioners.  (Id.)  Fourth, petitioner alleges that the BPH violated his Eighth Amendment rights by denying him parole on multiple occasions.  (Id. at 6.)  Fifth, petitioner alleges that the BPH found him ineligible for parole without considering his CSRA Score of 1.[2]  (Id.)  Sixth, petitioner alleges that the BPH wrongly applied the "some evidence" standard in finding him ineligible for parole.  (Id.)

Background re:  Proposition 57

The pertinent facts surrounding the Proposition 57 process is provided below:

> On November 8, 2016, California voters passed Proposition 57, also known as the Public Safety and Rehabilitation Act of 2016, adding section 32, article I, to the California Constitution. "As relevant here ... [u]nder section 32(a)(1), "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." And for purposes of section 32(a)(1), "the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." CDCR was directed to "adopt regulations in furtherance of these provisions,

---

[1] People v. Superior Court (Romero), 13 Cal.4th 497 (1996).

[2]  By CSRA score, petitioner apparently refers to his California Static Risk Assessment score, a measure that the California Department of Corrections and Rehabilitation ("CDCR") uses to assess risk of recidivism.  See Armstrong v. Newsom, 2020 WL 4368234, at *5 (N.D. Cal. July 30, 2020).

and the Secretary of [CDCR] shall certify that these regulations protect and enhance public safety." (Cal. Const., art. 1, § 32, subd. (b).)

In re Gadlin, 31 Cal.App. 5th 784, 787-88 (2019).

The CDCR promulgated regulations concerning the process of review:

§ 2449.4. Review on the Merits.

(a) Within 30 calendar days of the conclusion of the notification process described under Section 2449.3, a hearing officer shall confirm the inmate is eligible for parole consideration under Section 3491 of Division 3 of this title and, if the inmate's eligibility is confirmed, review the inmate's case on the merits and determine whether to approve the inmate's release. If the inmate is determined to be ineligible for parole consideration under Section 3491 of Division 3 of this title, the hearing officer shall issue a written decision as specified in subsection (d) without conducting a review on the merits under subsection (b) and (c).

(b) The hearing officer shall review and consider all relevant and reliable information about the inmate including, but not limited to:

(1) Information contained in the inmate's central file and the inmate's documented criminal history, including the inmate's Record of Arrests and Prosecutions (RAP sheets) and any return to prison with a new conviction after being released as a result of this section; and

(2) Written statements submitted by the inmate, any victims registered at the time of the referral, and the prosecuting agency or agencies that received notice under Section 2449.3.

(c) After reviewing and considering the relevant and reliable information, the hearing officer shall determine whether the inmate poses a current, unreasonable risk of violence or a current, unreasonable risk of significant criminal activity as determined by considering and applying the factors in Section 2449.5.

(d) The hearing officer shall issue a written decision that includes a statement of reasons supporting the decision. A copy of the decision shall be served on the inmate and placed in the inmate's central file within 15 business days of being issued. The board shall, within five business days of issuing a decision, send notice of the decision to any victim who was registered at the time of the referral and any prosecuting agency or agencies that received notice under Section 2449.3.

(e) If the hearing officer finds the inmate poses a current, unreasonable risk of violence or a current, unreasonable risk of significant criminal activity, the hearing officer shall deny release and issue his or her decision.

(f) If the hearing officer finds the inmate does not pose a current, unreasonable risk of violence or a current, unreasonable risk of

3

> significant criminal activity, the hearing officer shall approve release and issue his or her decision unless the decision will result in the inmate being released two or more years prior to his or her earliest possible release date. If the decision will result in the inmate being released two or more years prior to his or her earliest possible release date, the decision shall be reviewed by an associate chief deputy commissioner or the Chief Hearing Officer before it is finalized and issued. If the associate chief deputy commissioner or the Chief Hearing Officer does not concur with the hearing officer's decision, he or she shall issue a new decision approving or denying release.
>
> (g) Inmates approved for release under this section shall be processed for release by the department as described in Section 3493 of Division 3 of this title.
>
> (h) Inmates denied release under this section shall be reviewed for possible referral to the board again annually as provided in subsection 3492(b) of Division 3 of this title.
>
> (i) Inmates may seek review of decisions issued under this section by writing the board in accordance with Section 2449.7 within 30 calendar days of being served the decision. Decisions issued under this section are not subject to the department's inmate appeal process under Article 8 of Chapter 1 of Division 3 of this title.
>
> (j) The time period specified in subsection (a) shall be extended as necessary to ensure all inmates referred to the board under subsection (e) of Section 3492 of Division 3 of this title are reviewed by the board by no later than March 31, 2020

Prisoners subject to review are given notice of the review and may submit a written statement in support of parole:

> Eligible determinately-sentenced nonviolent offenders under Section 3491 shall be referred to the Board of Parole Hearings for parole consideration at least 35 calendar days prior to their nonviolent parole eligible date unless their nonviolent parole eligible date falls less than 180 calendar days prior to their earliest possible release date or they will reach their earliest possible release date in less than 210 calendar days.
>
> * * *
>
> Referral results under subsection (a) shall be served on the inmate and placed in the inmate's central file within 15 business days of being completed and, if the inmate is referred to the Board of Parole Hearings, the inmate shall be provided information about the nonviolent offender parole process, including the opportunity to submit a written statement to the Board of Parole Hearings.

Cal. Code Regs. tit. 15, § 3492.

////

<u>Is This Case Properly Brought in Federal Habeas Corpus?</u>

Petitioner filed another habeas corpus petition in this court challenging the September 11, 2018 decision by the BPH finding him ineligible for early parole consideration pursuant to Proposition 57. See <u>Young v. Lozano</u>, 2020 WL 4339372 (E.D. Cal. July 28, 2020). In this other action, petitioner raised claims similar to those raised in the instant action. <u>Id.</u> Magistrate Judge Hollows found that petitioner's claims were properly raised in a habeas petition. See <u>id.</u> at *4-6 (findings and recommendations adopted 2020 WL 6117937 (Oct. 16, 2020).)

For purposes of these findings and recommendations, the undersigned adopts Magistrate Judge Hollows' reasoning in 2020 WL 4339372 and finds that petitioner's claims are properly raised in this habeas action.

<u>Discussion</u>

*Claims One, Two, Three, Five and Six*

In <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011), the Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. <u>Swarthout</u>, 562 U.S. at 220-21. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of reasons why parole was denied. <u>Id.</u> at 221; <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).

The procedures for parole consideration under Proposition 57 provide that petitioner be given notice that he is being considered for expedited parole, that he be allowed to submit a written statement advocating for his inclusion in the expedited parole result, and that he be informed of the decision. There is no federal requirement that petitioner be physically present at the Proposition 57 parole consideration hearing (claim one), that his suitability hearing be conducted with a minimum of two commissioners (claim three), that his CSRA score be mandatorily considered or that there be "some evidence" supporting the denial (claims five and

5

six). See Young v. Lozano, 2020 WL 4339472, at *6. Accordingly, claims one, three, five and six should be dismissed.[3]

The BPH decision from the 2019 suitability hearing states that the BPH considered confidential information in finding petitioner ineligible. (See ECF No. 1 at 24.) In claim two, petitioner argues that the BPH violated his right to due process by failing to disclose this confidential information to him. Due process does not require disclosure of confidential information relied on to find petitioner ineligible for parole. See Von Staich v. Ferguson, 2018 WL 3322901, at *7 (E.D. Cal. July 5, 2018) (BPH's consideration of confidential information which was not provided to prisoner fails to state a procedural due process claim). Accordingly, claim two should be dismissed.

*Claim Four*

In claim four, petitioner appears to allege that the BPH found him ineligible for parole pursuant to Proposition 57 multiple times, subjecting petitioner to cruel and unusual punishment in violation of the Eighth Amendment. At the time of the 2019 suitability hearing, petitioner had served "12 years and 11 months of a 30 year and 8 month sentence." (ECF No. 1 at 24.)

Petitioner has not been held beyond his determinate sentence of 30 years and eight months. Petitioner does not challenge the validity of his determinate sentence. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Petitioner's disappointment at not being released before the expiration of his valid sentence does not violate the Eighth Amendment. See Davis v. Ponce, 2018 WL 2144188, at *3 (C.D. Cal. March 23, 2018). Accordingly, claim four should be dismissed.

////

---

[3] Although petitioner was not allowed to be heard in person at the 2019 suitability hearing, petitioner received notice of the hearing and an opportunity to be heard, as well as a statement of the reasons why parole was denied. (See ECF No. 1 at 21 (July 1, 2019 letter to petitioner advising him that he had 30 days to tell BPH in writing why he should be found eligible for parole, attached to petition); ECF No. 1 at 22-24 (September 13, 2019 written decision by BPH finding petitioner ineligible for parole, attached to petition).)

Remaining Matters

Petitioner filed a motion requesting that he be allowed to conduct discovery regarding the claims raised in the instant petition. (ECF No. 13.) Because the undersigned finds that petitioner's claims should be dismissed, petitioner's motion for discovery is denied.

Petitioner filed a motion to stay this action in order to exhaust additional claims. (ECF No. 14.) However, petitioner does not identify the new claims he intends to exhaust. (Id.) For this reason, the undersigned finds that petitioner's motion to stay is not well supported. See Rhines v. Weber, 544 U.S. 269 (2005) (describing procedures for stay pursuant to Rhines); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (describing procedures for stay pursuant to Kelly).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for discovery (ECF No. 13) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 14) be denied;

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2020

Young350.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE